FILED'09 NOV 24 12:13 USTC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN JEROME HADDIX,

          Petitioner,

     v.

BRIAN BELLEQUE,

          Respondent.

Civil No. 07-1853-BR

OPINION AND ORDER

KRISTINA HELLMAN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

      Attorney for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

      Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus is DENIED.

<u>**BACKGROUND**</u>

On August 1, 2000, a Deschutes County grand jury indicted Petitioner on charges of Attempted Murder with a Firearm, two counts of Unlawful Use of a Dangerous Weapon with a Firearm, two counts of Assault in the Fourth Degree Witnessed by a Minor Child, and one count of Attempted Assault in the First Degree. The victim identified in the indictment, Michele Haddix, was the Petitioner's wife. The charges arose from an incident when Petitioner fired a gun in his wife's direction as she ran away from their house after Petitioner hit and kicked her in the presence of their minor son.

Prior to trial, Petitioner waived his right to a jury and the case was tried to the court. Although Petitioner did not testify, the defense acknowledged at trial that Petitioner lost his temper and struck his wife at least four times, but counsel denied that Petitioner fired the gun at his wife or intended to do so.

The trial judge found Petitioner guilty of all counts and sentenced Petitioner to a total of 90 months of imprisonment, the mandatory minimum sentence for Attempted Murder.

Petitioner filed a Notice of Appeal, but then voluntarily dismissed the appeal.

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Haddix v. Belleque*, 213 Or. App. 391, 161 P.3d 955, *rev. denied*, 343 Or. 223, 168 P.3d 1154 (2007).

On December 18, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in this Court. Petitioner alleges three claims for relief:

> **Ground One:** Ineffective Assistance of Counsel in that trial counsel failed to exercise reasonable professional skill and judgment, that trial counsel's acts and omissions were not the product of an acceptable tactical decision and that counsel's performance fell below an objective standard of reasonableness for defense counsel in similar felony criminal proceedings under the then prevailing professional norms. Petitioner suffered prejudice as a result of counsel's acts and omissions because under the United States Constitution there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different (*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)); that Petitioner was denied a fair trial as a result (*Davis v. Alaska*, 415 U.S. 308, 94 S. Ct. 1105 (1974)), and that the state's case was not subjected to meaningful adversarial testing (*Smith v. Wainwright*, 777 F.2d 609 (11th Cir. 1985)) where trial counsel:
>
> > (i) failed to adequately and competently inform petitioner of the ramifications and consequences of a bench trial versus a trial by jury or to protect petitioner from an invalid waiver of his rights to a trial by jury;

(ii)  advised petitioner to waive jury and proceed to a trial by the court even though the trial judge had already heard prejudicial but in-admissible evidence during pre-trial motions;

(iii)  failed to seek permission from the trial court for a substitute judge to try the case; failed to take the necessary steps to secure another judge; and failed to advise petitioner that it was possible to seek another judge who had not already hear pre-trial in-admissible evidence;

(iv)  refused to allow petitioner to testify in his own defense at trial and/or inadequately advised petitioner of the ramifications of not testifying; and/or did not have valid trial strategy reasons to advise petitioner not to testify on his own behalf;

(v)  improperly and unreasonably called Dr. Jerry Larsen as a witness;

(vi)  failed to object to hearsay statements of [Petitioner's son], whose unavailability was stipulated, that were admitted in violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution and in violation of *Crawford v. Washington*, 124 S. Ct. 1354 (2004).

**Ground Two:**  Petitioner was denied Due Process of Law under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by the trial court in that the trial court failed to exclude, *sua sponte*, hearsay evidence of an unavailable witness, [Petitioner's son], that was in violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution and *Crawford v. Washington*, 124 S. Ct. 1354 (2004).

**Ground Three:**  Actual Innocence -- Miscarriage of Justice.  Because Petitioner is not guilty of attempted murder even under the facts presented by the state the sentence that was imposed upon Petitioner is Cruel and Unusual Punishment proscribed by the United State Constitution's 8th Amendment.  Petitioner is actually innocent of the attempted murder charge he was convicted of and is therefore eligible for relief under the miscarriage of justice exception for exhaustion and any timeliness problems that may exist.

In his Memorandum In Support of Petition, Petitioner addresses only the claims alleged in Ground One, parts (i), (iv), and (vi). As to the remaining claims, Petitioner submits them "for this Court's consideration on the existing record." Respondent argues Petitioner failed to meet his burden on the claims not addressed in his Memorandum, that he procedurally defaulted all of the claims for relief except that alleged in Ground One, parts (i) and (iv), and that Petitioner is not entitled to relief on the merits on those claims.

## DISCUSSION

### I.   Unaddressed Claims

Respondent argues Petitioner cannot obtain relief on the claims not addressed in Petitioner's Memorandum because counsel's failure to submit argument resulted in a waiver of those claims. The Court, however, does not agree that counsel's failure to address all of the claims alleged in the original, *pro se* Petition automatically results in a waiver.

District Judge Marsh of this court addressed this issue in *Elkins v. Belleque*, CV 06-1180-MA:

> Respondent relies upon 28 U.S.C. § 2248 which provides that the allegations of a return to a habeas petition, or an answer to an order to show cause, "if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

However, the Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Proceedings, provides that a traverse is no longer contemplated "except under special circumstances", and that the common law assumption of verity of the allegations of a return until impeached, as codified in 28 U.S.C. § 2248, is no longer applicable." Advisory Committee Note to Rule 5, 28 foll. § 2254 (1976) (citing *Stewart v. Overholser*, 186 F.2d 339, 343 n. 5 (D.C. Cir. 1950)). In light of the foregoing, and in the absence of any case law supporting respondent's position that the failure to furnish legal argument in support of habeas claims renders the claims abandoned, I decline to find the claims not traversed to be waived or subject to denial on that basis alone."

Opinion and Order (#35) at 5-6.

Judge Marsh's reasoning is persuasive and, consequently, this Court rejects Respondent's assertion that Petitioner has waived the grounds for relief not specifically addressed in his Memorandum in Support. However, having undertaken a review of the those claims, the Court concludes they are procedurally defaulted, and, therefore, habeas corpus relief is not warranted.

Because Petitioner provides no evidence of cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, federal habeas corpus relief may not be granted on the claims alleged in Ground One, parts (ii), (iii), and (v), Ground Two, and Ground Three.

## II.  Procedural Default

### A.  Legal Standards

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral

proceedings before a federal court may grant habeas corpus relief.
28 U.S.C. § 2254(b)(1).  The exhaustion requirement is "grounded
in principles of comity; in a federal system, the States should
have the first opportunity to address and correct alleged
violations of a state prisoner's federal rights.  *Coleman v.
Thompson*, 501 U.S. 722, 731 (1991).

A state prisoner satisfies the exhaustion requirement by
fairly presenting his claims to the appropriate state courts at
all appellate stages offered under state law.  *Baldwin v. Reese*,
541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th
Cir. 2004).  A "fair presentation" requires that a petitioner
describe the operative facts and the federal legal theory on which
he bases his claim in a procedural context in which the claims may
be considered.  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir.
2008); *accord Castille v. Peoples*, 489 U.S. 346, 351 (1989);
*Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003).  A
petitioner may not "fundamentally alter the legal claim already
considered by the state courts."  *Beaty v. Stewart*, 303 F.3d 975,
989-990 (9th Cir. 2002); *see also Duncan v. Henry*, 513 U.S. 364,
365-66 (1995) (holding that the "mere similarity of claims is
insufficient to exhaust").

When a state prisoner fails to exhaust his federal claims in
state court, and the state court would now find the claims barred

under applicable state rules, the federal claims are procedurally
defaulted.  *Casey*, 386 F.3d at 920; *Coleman*, 501 U.S. at 735 n.1.
Habeas review of procedurally defaulted claims is barred unless
the petitioner demonstrates cause for the procedural default and
actual prejudice, or that the failure to consider the claims will
result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S.
at 750.

### B.    Analysis

In Ground One, part vi, Petitioner alleges trial counsel
provided constitutionally ineffective assistance because he failed
to object to hearsay statements of Petitioner's son that were
admitted in violation of the Confrontation Clause of the Sixth
Amendment and in violation of *Crawford v. Washington*, 541 U.S. 36
(2004).   Petitioner raised this claim at all levels of his PCR
proceeding.  In his Memorandum in Support of the instant Petition,
however, Petitioner concedes that *Crawford* does not apply to his
case because his judgment became final before *Crawford* was
decided.    Petitioner argues, nonetheless, that the hearsay
statements were inadmissible under *Ohio v. Roberts*, 448 U.S. 56
(1980) because they were not "excited utterances" and did not fall
under any other firmly rooted hearsay exception.

At the PCR trial, counsel explained the scope of his claim to
the judge as follows:

8 - OPINION AND ORDER -

> COUNSEL: . . . . The argument is simply that the child
> was stipulated to as unavailable, and then hearsay came
> in that I believe to be testimonial and inadmissible
> under the [sic] *Crawford v. Washington*.

Resp. Exh. 122, p. 42. Similarly, Petitioner's PCR appellate brief and petition for review did not address excited utterances or other hearsay rules, but instead argued *Crawford* should apply retroactively on collateral review.

No state court actually considered whether trial counsel was ineffective for failing to object to the statements on any grounds other than the confrontation clause issue addressed in *Crawford*, a fundamentally different legal theory than that addressed in Petitioner's Memorandum in Support. Because Petitioner did not fairly present the operative federal legal theory argued in his Memorandum in Support to the state courts, he procedurally defaulted this claim. Because Petitioner does not present evidence of cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, habeas corpus relief must be denied on these claims.

## III. Relief on the Merits

### A.   Legal Standards

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

9 - OPINION AND ORDER -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

To establish the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In determining whether a defendant was prejudiced by ineffective assistance of counsel, the court should examine whether the "'result of the proceeding was fundamentally unfair or unreliable.'" *United States v. Palomba*, 31 F.3d 1456, 1460-61 (9th Cir.1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).

**B.   Analysis**

**1.   Waiver of Jury Trial**

Petitioner alleges trial counsel provided constitutionally ineffective assistance because he did not adequately inform Petitioner of the consequences of waiving his right to a jury trial.  The PCR trial judge rejected this claim as follows:

FINDINGS OF FACT

1.   Petitioner was convicted, after a trial by the Court, of Attempted Murder with a Firearm, two counts of Unlawful Use of a Dangerous Weapon with a Firearm, two counts of Assault in the Fourth Degree Witnessed by a Minor Child, and one count of Attempted Assault in the First Degree.  After consulting with trial counsel, petitioner knowingly, voluntarily, and intelligently waived his right to a jury trial.  Petitioner has an IQ of 112 and he successfully ran his own business prior to his arrest and convictions for the aforementioned offenses.  Petitioner's claim that he did not understand his right to a jury trial is not credible.  Trial counsel reviewed the written jury waiver with petitioner prior to petitioner signing the jury waiver.  Trial counsel explained to petitioner that a jury may have a difficult time differentiating between the emotional aspects of his case and the legal standard of proof required for conviction.

2.   The trial court reviewed the written jury waiver with petitioner prior to accepting petitioner's jury waiver.  Trial counsel adequately advised his client that he had the right to choose between proceeding with a jury trial or a trial by the court.  Trial counsel did not unilaterally usurp petitioner's right to choose between a jury trial and a trial by the Court.  The trial court adequately reviewed petitioner's right to a jury trial with him.

\* \* \*

CONCLUSIONS OF LAW

1.    Based on the findings of fact set forth above, in
the underlying criminal proceeding resulting in
petitioner's conviction, petitioner was not denied the
right to assistance of counsel, as guaranteed by either
the United States Constitution and as articulated by the
United States Supreme Court in *Strickland v. Washington*,
466 U.S. 668 (1984), or the Constitution of the State of
Oregon and as articulated by the Oregon Supreme Court in
*Krummacher v. Gierloff*, 290 Or. 867 (1981).

* * *

6.    Trial counsel adequately and effectively advised
petitioner regarding his right to a trial by jury and
petitioner knowingly, voluntarily, and intelligently
waived his right to a jury trial.

Resp. Exh. 124, pp. 3-6.

The PCR judge's findings of fact are entitled to

deference under § 2254(e)(1).    Petitioner has not established

clear and convincing proof to overcome them.

Petitioner argues trial counsel's advice, the written

waiver signed by him, and the trial judge's colloquy on the jury

waiver were not sufficient because they did not inform petitioner

of the "fundamental nature" of the jury trial right.    He also

argues he thought whether to try the case to a jury or to the

court was ultimately his attorney's decision.

Trial counsel stated in his deposition for the PCR

proceeding that he told Petitioner it was Petitioner's voluntary

right to decide whether to waive a jury.    The written Waiver of

Jury Trial form Petitioner signed also stated that Petitioner had

the right to trial by jury and that he voluntarily waived that

right:

> I, Stephen Jerome Haddix, understand that I have the
> right to a trial by jury in this case on the charged
> Attempted Murder, Unlawful Use of a Dangerous Weapon
> with a Firearm x2, Felony Assault in the Fourth Degree
> x2, and Attempted Assault in the First Degree
> voluntarily waive my right to a jury trial and agree to
> have the matter tried by a judge.

Resp. Exh. 116. Finally, the trial judge queried Petitioner on

his decision to waive a jury:

> THE COURT:          All right, I want to discuss the waiver
>                     of jury trial.  I was informed yesterday
>                     by defense counsel that the defendant
>                     had made the decision to waive a jury,
>                     waive his right to a jury trial. Let me
>                     start again.  I was informed yesterday
>                     by defense counsel that the defendant
>                     had made the decision to waive his right
>                     to a jury trial, and then before five
>                     o'clock yesterday defense counsel
>                     submitted a written waiver of jury trial
>                     signed by the defendant, Mr. Haddix.
>                     That all correct Mr. DeHoog?
>
> COUNSEL:            That is all correct, Your Honor.
>
> THE COURT:          Okay, and Mr. Haddix I just want to ask
>                     you to confirm this.  You have made the
>                     decision to waive your right to jury
>                     trial?
>
> PETITIONER:         Yes, that's correct.
>
> THE COURT:          And you signed this waiver of jury
>                     trial, yesterday?
>
> PETITIONER:         Yes, I did.
>
> THE COURT:          And did you have an opportunity to
>                     discuss this issue, the issue of whether
>                     or not you were going to waive your

14 - OPINION AND ORDER -

> right to a jury trial?  Did you discuss
> this thoroughly with your attorney
> before you made that decision?

PETITIONER:   Yes, I did.

THE COURT:    Okay, I'm going to go ahead then and
              accept this, and we'll proceed without a
              jury this morning.

Transcript, Dec. 12, 2000 at pp. 2-3.

        The evidence before the PCR trial court supported the
court's finding that trial counsel informed Petitioner he had a
right to choose whether to waive a jury, and that he knowingly and
voluntarily waived that right.  As such, the PCR court's decision
that Petitioner received constitutionally effective assistance of
counsel in this respect was not contrary to or an unreasonable
application of clearly established federal law, and Petitioner is
not entitled to habeas corpus relief in this Court.[1]

### 2.   Advice Not to Testify

        Finally, Petitioner alleges trial counsel ineffectively
advised Petitioner of his right to testify and the ramifications
of not testifying.  The PCR trial judge found trial counsel
inadequately advised Petitioner concerning his right to testify.
The judge found, however, that Petitioner was not prejudiced

---

[1]Having found counsel's performance was not deficient as to
the jury waiver issue, this Court need not address prejudice.  *See
Strickland*, 466 U.S. at 697 (noting that courts may consider either
prong of the test first and need not address both if the petitioner
fails one).

15 - OPINION AND ORDER -

because trial counsel's tactical decision that Petitioner not testify was appropriate under the circumstances. On this claim, the PCR judge first explained his reasoning in a letter decision:

> One of Petitioner's claims is that he was not given the opportunity to testify at his bench trial. Petitioner asserts that, had he testified, he would have provided important information regarding his intent at the time of the incident leading to his arrest. Based on the record, it doesn't appear that Petitioner's testimony, if offered, would have had a tendency to effect the outcome of the trial in any way.
>
> I did not find Petitioner's testimony at the post-conviction trial to be credible. The credibility of witnesses, including Petitioner, is an issue of fact determined by the post conviction court. *James v. Cupp*, 5 Or. App. 181, 183, 482 P.2d 543 (1971). Additionally, the record, in more than one place, already contained evidence suggesting that Petitioner did not intend to shoot his wife.
>
> Defense counsel at the trial level testified, in his opinion "there was no essential element he [Petitioner] could prove and only he could prove ..." Additionally, Petitioner's testimony would have opened the door to prior bad acts, specifically an alleged assault that took place in 1993. Finally, as defense counsel testified in his deposition, Petitioner has an anger problem. His presence on the stand may have kindled his anger, especially since he had made inconsistent statements to authorities and the prosecution in all likelihood would have pressed him on those points. For those reasons, I find that Petitioner's testimony would not have had the tendency to effect the outcome of the trial. I do not find that Petitioner is entitled to relief on this claim even though I find that defense counsel rendered inadequate assistance in failing to properly inform Petitioner of his constitutional right to testify. Defense counsel's tactical decision that Petitioner should not testify was appropriate under the circumstances.

Resp. Exh. 123, pp. 1-2 (internal citations to PCR record omitted). The PCR judged included these findings in his formal Findings of Fact and Conclusions of Law, and again concluded Petitioner was not denied the right to counsel.

CONCLUSIONS OF LAW

* * *

> 4. One of Petitioner's claims is that he was not given the opportunity to testify at his bench trial. Petitioner asserts that, had he testified, he would have provided important information regarding his intent at the time of the incident leading to his arrest. Based on the record, it does not appear that Petitioner's testimony, if offered, would have had a tendency to affect the outcome of the trial in any way.

> 5. This Court does find that trial counsel rendered ineffective assistance of counsel when he inadequately advised petitioner regarding his right to testify during his trial. However, trial counsel's tactical decision that petitioner should not testify was appropriate under the circumstances and petitioner's testimony would not have had a tendency to effect the outcome of his case under *Strickland* and *Krummacher* and would not have added anything of benefit to petitioner's case.

Resp. Exh. 124, pp. 5-6.

The PCR trial court's findings are supported by the record. At trial, one of the investigating officers testified Petitioner told him at the time of the incident that he did not intend to shoot his wife and that he fired the weapon into the air and not at his wife. In addition, Petitioner's expert witness also testified that Petitioner did not have the intent to kill his

wife, substantiating Petitioner's statements to police the night of the crime.

Petitioner argues his testimony would have been critical on the issue of differing statements he made to investigators regarding the trajectory of his shots.  On this issue, Petitioner contends, the trial judge needed to hear Petitioner explain the situation and provide a reason for why the record contained different statements.  During cross-examination at the PCR trial, Petitioner explained:

> COUNSEL:       And what did you initially tell officers was the location that you were shooting?
>
> PETITIONER:    They asked me where I was shooting, and at that point I started to be concerned about all the questioning about firing a gun, because I didn't think there was anything wrong with that, so I told them that I shot at the tree initially.
>
> COUNSEL:       And you admitted you lied?
>
> PETITIONER:    Oh, I did lie at that time. I did not tell them the whole - the whole story. I did shoot at the tree, but I also shot towards the corral.  And the backboard happens to be in direct line with the corral.

Resp. Exh. 122, p. 61.  As noted, however, the PCR trial judge found Petitioner's testimony not credible.

The PCR trial court's decision that Petitioner's testimony would not have altered the outcome of the trial was properly made after an opportunity to evaluate the potential value

of Petitioner's testimony, including Petitioner's demeanor.  The
PCR trial judge reasonably found that any error by trial counsel
in advising Petitioner about his right to testify did not
prejudice Petitioner.  His conclusion was not contrary to or an
unreasonable application of *Strickland* and Petitioner is not
entitled to habeas corpus relief on this claim.

### CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of
Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this ___24th___ day of November, 2009.

_____
ANNA J. BROWN
United States District Judge